(31 Abb. N. C. 27.)

### KLUEG v. BOSCH.

(Circuit Court, Kings County. June, 1893.)

CORPORATIONS—PERSONAL LIABILITY OF STOCKHOLDER.

A stockholder of an insolvent corporation cannot bring an action at law against another stockholder to enforce the liability imposed by Laws 1848, c. 40, § 10, which provides that stockholders shall be individually liable for corporate debts until the whole amount of capital stock shall have been paid in, and a certificate thereof recorded.

Action by Jacob Klueg against John Bosch to enforce defendant's liability as a stockholder of the Brooklyn Publishing Company, under Laws 1848, c. 40, § 10, which provides that stockholders shall be individually liable for corporate debts "until the whole amount of the capital stock * * * shall have been paid in, and a certificate thereof shall have been made and recorded." Defendant now moves to dismiss the complaint, on the ground that plaintiff was also a stockholder in said company. Granted.

Charles Reinhart (Daniel Cameron, of counsel), for plaintiff.
Thomas E. Pearsall and Isaac M. Kapper, for defendant.

KELLOGG, J. This action was tried by the court without a jury. It presents the single question as to whether a stockholder in an insolvent corporation may bring an action at law against another stockholder on a liability created by failure to file a certificate and have the same recorded in the county clerk's office, showing the entire capital stock to have been paid in as provided by the Laws of 1848. It seems to have been well settled in this state, by decisions of the courts, which have been uniform so far as the same question has arisen, that no such action will lie. Convincing reasons why such an action will not lie were given in the case of Bailey v. Bancker, 3 Hill, 188. I think the plaintiff in this case must be relegated to his action in equity against all stockholders, and that this complaint should be dismissed, with costs.